843 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Oakey MORGAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3867.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 29, 1988.
Decided March 29, 1988.
 
 Steven B. Horenstein, Douglas A. Mann, Horenstein, Nicholson & Blumenthal on brief for petitioner.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, for appellate litigation.
 Michael J. Denney, Assistant for Benefit Programs, U.S. Department of Labor, Office of the Solicitor on brief for respondent.
 Before HARRISON L. WINTER, Chief Circuit Judge, and CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Oakey Morgan appeals a decision of the Benefits Review Board denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Finding this decision supported by substantial evidence, we affirm.
 
 
 2
 Morgan filed his claim for black lung disability benefits on August 25, 1981. After the Department of Labor denied the claim, Morgan requested and received a hearing before an Administrative Law Judge (ALJ). Among other findings, the ALJ determined that the only chest x-ray interpretation indicating pneumoconiosis failed to satisfy the quality standards of 20 C.F.R. 718.102(1987). Accordingly, the ALJ gave greater weight to three negative x-ray interpretations[1] and denied benefits. Morgan then appealed to the Benefits Review Board which affirmed the ALJ's decision.
 
 
 3
 20 C.F.R. Sec. 718.202(a)(1)(1987) provides: "A chest x-ray conducted and classified in accordance with Sec. 718.102 may form the basis for a finding of the existence of penumoconiosis." 20 C.F.R. Sec. 718.102(c) clearly requires that x-ray interpretations used as a basis for a finding of penumoconiosis "shall specify the name and qualifications of the person who took the film and the name and qualifications of the physician interpreting the film." Moreover, 20 C.F.R. 718, App.A, mandates that each roentgenograph "shall be permanently and legibly marked with ... the date of the roentgenogram."
 
 
 4
 The only positive chest x-ray interpretation[2] on record did not meet these quality standards because it failed to specify the date the x-ray was taken and the name and qualifications of the person who took the x-ray. Morgan argues that, even though the positive interpretation fails to specify the above particulars, the interpretation was in substantial compliance with Sec. 718.102(c). We reject this argument. This approach ignores the specific requirements of Sec. 718.102. Conformance with the quality standards enunciated for medical tests is more than a mere technicality; results may be affected by such factors.
 
 
 5
 After a careful review of the record and briefs, we find the decision of the Benefits Review Board supported by substantial evidence and therefore affirm. Because we conclude that it will not aid the decisional process, we decline to hear oral argument.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The negative interpretations of the two x-rays on record are: Dr. Harold D. Stahl read an x-ray taken on October 21, 1981 as 0/0. Dr. John Pitman reread this x-ray on November 13, 1981 and classified it as 0/1. Dr. J. Gordonson read the x-ray in question taken in August, 1982 and classified it as 0/1
 
 
 [2]
 Dr. Joseph Straughan read the x-ray in question and classified it as positive with a 1/0 reading